Lord Coke says that "records, being the rolls or memorials of the judges, import in themselves such incontrolable verity and credit that they admit of no proof or averment to the contrary. Insomuch that they are to be tried only by themselves, for otherwise there would be no end of controversies. But during the term wherein any judicial act is done the roll is alterable in that term, as the judges shall direct. When the term is past then the record admitteth of no alteration or averment or proof that it is false." Co. Lit., 260, a; 4 Rep., 52. If this be the legal definition of a record the entry here, that "on argument a new trial was refused," and the judgment of the court consequent thereupon being made on Sunday, after the expiration of the term, as the affidavits state is the fact, forms no part of the record of the suit between the parties. If it should be so considered any entry made in vacation must be considered in the same light, which, in the words of Coke, would give rise to innumerable controversies; and where a clerk certifies entries so made he certifies that as a record which, according to the same authority, is not a record. This is an answer to the affidavits. But a record is certified by the clerk in due form, and it is required that we should direct the clerk to alter it upon the strength of those affidavits. That, I think, we cannot do. The record appears to be perfect, and it can only be tried by itself. But we can advise the clerk that if he made it up as he *Page 45 
himself states in his affidavit he did, it is no record; that he is to consider nothing as the record between the parties but what was entered in term-time; and that as he did wrong in making the entry, he and not we may correct it by expunging from the record that which really never belonged (77) to it. When this alteration shall be made the truth will be seen, and the rule for a new trial will remain undisposed of. But if the entry made on Sunday be considered as disposing of that rule it may also be considered as an authority for him to issue execution on the judgment obtained, which surely cannot be, for the rule for a new trial was obtained in term-time and is a record, and the discharge of it was entered in vacation and was not a record, and therefore the question whether there shall be a new trial still remains open. If the clerk should issue execution he will do it at his peril. His better way is to expunge from the record book any entry that was made after the expiration of the term.